IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAY M. JENKINS PLAINTIFF

v. CIVIL NO. 26-5027

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jay M. Jenkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on October 29, 2021, alleging an inability to work since October 14, 2021, due to back pain, joint issues, depression and anxiety. (Tr. 56, 171). An administrative telephonic hearing was held on February 14, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 27-54).

In a written decision dated March 3, 2023, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 14-22). The Appeals Council declined review of the ALJ's decision on December 11, 2023. (Tr. 1-6). Plaintiff appealed the ALJ's decision to this Court.

In a decision dated July 8, 2024, this Court remanded the case regarding Plaintiff's application back to the Commissioner for further consideration. (Tr. 591-593). On November 18, 2024, the Appeals Council vacated the ALJ's March 3, 2023, decision. (Tr. 600-603). A supplemental telephonic hearing was held on July 2, 2025. (Tr. 549-566).

By written decision dated November 26, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 525). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia; chronic pain syndrome; bilateral shoulder arthropathy; right greater than left; degenerative disc disease; bilateral knee arthropathy; depression; and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 528). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he can frequently climb ramps or stairs; can occasionally climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, and crouch; can occasionally crawl; can occasionally overhead reach with the right upper extremity; can frequently overhead reach with the left upper extremity; and must avoid concentrated exposure to extreme cold, vibration, and hazards such as dangerous machinery and unprotected heights. In addition, the claimant cannot perform jobs involving detailed or complex instructions.

(Tr. 530). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a merchandise marker, housekeeping cleaner, and mail sorter. (Tr. 540).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ failed to account for aged-based rules and in determining Plaintiff's RFC; and 2) The ALJ failed to consider the combined effect of his alleged impairments. (ECF No. 10). Defendant argues that the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants; Plaintiff's subjective complaints; a witness statement; and his medical records. With each medical opinion, the ALJ

stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a merchandise marker, a housekeeping cleaner, and a mail sorter. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 9th day of November 2026.

/s/ Christy Comstock

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE